

# NUMBER 13-22-00539-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CHAD SCHAEFER

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Silva[1]

On November 4, 2022, relator Chad Schaefer filed a petition for writ of mandamus contending that the trial court abused its discretion by ordering him to pay appellate attorney's fees which are not conditioned on the outcome of his appeal and by ordering relator to pay the fees before his appeal has been resolved. Relator's contentions concern his pending appeal of a final decree of divorce in our cause number 13-22-00463-CV,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*Chad Schaefer v. Amber Lynn Schafer*.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest, Amber Lynn Schaefer, and the applicable law, is of the opinion that relator has failed to meet his burden to obtain relief. First, the trial court's temporary orders which, *inter alia*, award the attorney's fees at issue here, state that "the entry of Temporary Orders as set forth herein is equitable and necessary for the preservation of the property and for the protection of the parties and to preserve and protect the safety and welfare of the child made the subject of this suit during the appeal of this case." In this original proceeding, relator does not challenge or address whether the appellate fees awarded to the real party in interest were necessary to preserve and protect the safety and welfare of the parties' minor child during the pendency of the appeal. *See In re Mansour*, 630 S.W.3d 103, 109 (Tex. App.—San Antonio 2020,

2

orig. proceeding) ("Because an unconditional [appellate attorney's fee] award provides the defending party with the financial resources to file an appellee's brief without subjecting the children to any financial hardship, we conclude relator has not established [that the trial court] abused [its] discretion by awarding the [real party in interest] immediate unconditional attorney's fees pending relator's appeal pursuant to [Texas] Family Code [§] 109.001."). Second, in the absence of any claims or allegations that the trial court's order impairs relator's ability to prosecute his pending appeal, relator has not established that he lacks an adequate remedy by appeal. *See In re RH White Oak, LLC*, 442 S.W.3d 492, 503 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding [mand. denied]) ("Ordinarily, a relator has an adequate remedy by appeal from an order awarding monetary sanctions."). Accordingly, we lift the stay previously imposed in this case, and we deny the petition for writ of mandamus without prejudice. *See* TEX. R. APP. P. 52.8, 52.10.

CLARISSA SILVA
Justice

Delivered and filed on the
12th day of January, 2023.